**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
  JUAN GUTIERREZ RIVEROS,

                                  Plaintiffs,
    -  against -

RONALD CLARKE GARDINER,
RYDER TRUCK RENTAL, INC.,
RYDER INTEGRATED LOGISTICS, INC., and
RYDER SYSTEMS, INC.,


                                Defendants.
-----------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates Queens
County as the place of trial.

The basis of venue is
Plaintiff's residence

**To the above named Defendant(s):**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within (20) twenty days after the service of summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within (30) thirty days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        June 7, 2022

                                          Yours, etc.,

                                          NIAMEHR LAW FIRM

                                          By:_____
                                             Daniel J. Niamehr, Esq.
                                             *Attorney for Plaintiff*
                                             30 Wall Street, 8th Floor
                                             New York, NY 10005
                                             Telephone: (646) 224 – 0735

TO:

RONALD CLARKE GARDINER, 413 DODD STREET, APT 4, EAST ORANGE, NJ 07017

RYDER TRUCK RENTAL, INC., C/O CORPORATE CREATIONS NETWORK INC., 600 MAMARONECK AVENUE, SUITE 400, HARRISON, NY, 10528

RYDER INTEGRATED LOGISTICS, INC., C/O CORPORATE CREATIONS NETWORK INC., 600 MAMARONECK AVENUE, SUITE 400, HARRISON, NY, 10528

RYDER SYSTEMS, INC., 144 LENOX ROAD, NORTH BABYLON, NY, 11704


SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
JUAN GUTIERREZ RIVEROS,

                                Plaintiffs,

- against -

                                                     **COMPLAINT**

RONALD CLARKE GARDINER,
RYDER TRUCK RENTAL, INC.,
RYDER INTEGRATED LOGISTICS, INC., and
RYDER SYSTEMS, INC.,

                                Defendants.
-----------------------------------------------------------------X

        Plaintiff, by his attorney, **NIAMEHR LAW FIRM**, for his complaint against the Defendants, allege as follows:

AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF JUAN GUTIERREZ RIVEROS

        1. This action falls within one or more of the exceptions set forth in the CPLR Section 1602.

        2. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER TRUCK RENTAL, INC., owned a truck bearing the State of Indiana License Plate number 2869783.

        3. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER TRUCK RENTAL, INC., was the titled owner of a truck bearing the State of Indiana License Plate number 2869783.

        4. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER TRUCK RENTAL, INC., was the registered owner of a truck bearing the State of Indiana License Plate number 2869783.

5. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER TRUCK RENTAL, INC., was the lessor of a truck bearing the State of Indiana License Plate number 2869783.

6. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER TRUCK RENTAL, INC., was the renter of a truck bearing the State of Indiana License Plate number 2869783.

7. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER TRUCK RENTAL, INC., managed the aforesaid truck bearing the State of Indiana License Plate number 2869783.

8. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER TRUCK RENTAL, INC., maintained the aforesaid truck bearing the State of Indiana License Plate number 2869783.

9. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER TRUCK RENTAL, INC., controlled the aforesaid truck bearing the State of Indiana License Plate number 2869783.

10. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER TRUCK RENTAL, INC., inspected the aforesaid truck bearing the State of Indiana License Plate number 2869783.

11. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER TRUCK RENTAL, INC., supervised the aforesaid truck bearing the State of Indiana License Plate number 2869783.

12. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER INTEGRATED LOGISTICS, INC., owned a truck bearing the State of Indiana License Plate number 2869783.

13. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER INTEGRATED LOGISTICS, INC., was the titled owner of a truck bearing the State of Indiana License Plate number 2869783.

14. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER INTEGRATED LOGISTICS, INC., was the registered owner of a truck bearing the State of Indiana License Plate number 2869783.

15. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER INTEGRATED LOGISTICS, INC., was the lessor of a truck bearing the State of Indiana License Plate number 2869783.

16. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER INTEGRATED LOGISTICS, INC., was the renter of a truck bearing the State of Indiana License Plate number 2869783.

17. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER INTEGRATED LOGISTICS, INC., managed the aforesaid truck bearing the State of Indiana License Plate number 2869783.

18. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER INTEGRATED LOGISTICS, INC., maintained the aforesaid truck bearing the State of Indiana License Plate number 2869783.

19. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER INTEGRATED LOGISTICS, INC., controlled the aforesaid truck bearing the State of Indiana License Plate number 2869783.

20. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER INTEGRATED LOGISTICS, INC., inspected the aforesaid truck bearing the State of Indiana License Plate number 2869783.

21. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER INTEGRATED LOGISTICS, INC., supervised the aforesaid truck bearing the State of Indiana License Plate number 2869783.

22. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER SYSTEMS, INC., owned a truck bearing the State of Indiana License Plate number 2869783.

23. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER SYSTEMS, INC., was the titled owner of a truck bearing the State of Indiana License Plate number 2869783.

24. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER SYSTEMS, INC., was the registered owner of a truck bearing the State of Indiana License Plate number 2869783.

25. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER SYSTEMS, INC., was the lessor of a truck bearing the State of Indiana License Plate number 2869783.

26. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER SYSTEMS, INC., was the renter of a truck bearing the State of Indiana License Plate number 2869783.

27. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER SYSTEMS, INC., managed the aforesaid truck bearing the State of Indiana License Plate number 2869783.

28. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER SYSTEMS, INC., maintained the aforesaid truck bearing the State of Indiana License Plate number 2869783.

29. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER SYSTEMS, INC., controlled the aforesaid truck bearing the State of Indiana License Plate number 2869783.

30. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER SYSTEMS, INC., inspected the aforesaid truck bearing the State of Indiana License Plate number 2869783.

31. Upon information and belief, at all times hereinafter mentioned, the Defendant RYDER SYSTEMS, INC., supervised the aforesaid truck bearing the State of Indiana License Plate number 2869783.

32. Upon information and belief, on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER was the lessee of the aforesaid truck bearing the State of Indiana License Plate number 2869783.

33. Upon information and belief, on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER was the rentee of the aforesaid truck bearing the State of Indiana License Plate number 2869783.

34. That on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated the aforesaid truck bearing the State of Indiana License Plate number 2869783.

35. That on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated the aforesaid truck bearing the State of Indiana License Plate number 2869783 with the knowledge, permission and consent of the Defendant RYDER TRUCK RENTAL, INC.

36. That on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated the aforesaid truck bearing the State of Indiana License Plate number 2869783 with the knowledge, permission and consent of the Defendant RYDER INTEGRATED LOGISTICS, INC.

37. That on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated the aforesaid truck bearing the State of Indiana License Plate number 2869783 with the knowledge, permission and consent of the Defendant RYDER SYSTEMS, INC.

38. That on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER was employed by Defendant RYDER TRUCK RENTAL, INC.

39. That on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated the aforesaid truck bearing the State of Indiana

License Plate number 2869783 in the scope of his employment with Defendant RYDER TRUCK RENTAL, INC.

40. That on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER was employed by Defendant RYDER INTEGRATED LOGISTICS, INC.

41. That on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated the aforesaid truck bearing the State of Indiana License Plate number 2869783 in the scope of his employment with Defendant RYDER INTEGRATED LOGISTICS, INC.

42. That on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER was employed by Defendant RYDER SYSTEMS, INC.

43. That on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated the aforesaid truck bearing the State of Indiana License Plate number 2869783 in the scope of his employment with Defendant RYDER SYSTEMS, INC.

44. Upon information and belief, on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated and controlled the aforesaid truck bearing the State of Indiana License Plate number 2869783.

45. Upon information and belief, on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated and controlled the aforesaid truck bearing the State of Indiana License Plate number 2869783 with the consent and permission of Defendant RYDER TRUCK RENTAL, INC.

46. Upon information and belief, on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated and controlled the aforesaid truck bearing the State of Indiana License Plate number 2869783 with the consent and permission of Defendant RYDER INTEGRATED LOGISTICS, INC.

47. Upon information and belief, on March 15, 2022, and at all times mentioned herein, Defendant RONALD CLARKE GARDINER operated and controlled the aforesaid truck bearing the State of Indiana License Plate number 2869783 with the consent and permission of Defendant RYDER SYSTEMS, INC.

48. That at all times mentioned herein, Northern Boulevard at or about its intersection with 72nd Street, were and are public highways and/or thoroughfares located and about the County of Queens, City, and State of New York.

49. Upon information and belief, at all times hereinafter mentioned, the Defendant RONALD CLARKE GARDINER operated and controlled the aforesaid motor vehicle on Northern Boulevard near the intersection with 72nd Street, County of Queens, State of New York.

50. On or about March 15, 2022 at the aforesaid location, the Plaintiff was caused to be injured by the aforesaid truck owned, operated and controlled by the Defendants, by reason of the negligence, carelessness and recklessness of the Defendants.

51. That Defendant RYDER TRUCK RENTAL, INC., was grossly negligent in hiring Defendant RONALD CLARKE GARDINER as an operator of a vehicle.

52. That Defendant RYDER INTEGRATED LOGISTICS, INC., was grossly negligent in hiring Defendant RONALD CLARKE GARDINER as an operator of a vehicle.

53. That Defendant RYDER SYSTEMS, INC., was grossly negligent in hiring Defendant RONALD CLARKE GARDINER as an operator of a vehicle.

54. That by reason of foregoing, Plaintiff was caused to sustain serious permanent injuries.

55. That as a result of the foregoing, Plaintiff was caused to suffer a "serious injury" as that term is defined in subdivision 4 of section 5102 of the Insurance Law of the State of New York, and being a covered person and claiming against a covered person, is entitled to recover for noneconomic loss, including pain, suffering and disfigurement and is entitled to recover for such economic loss as exceeds basic economic.

56. As a result of the foregoing, the Plaintiff was caused to be rendered sick, sore, lame and disabled, was caused to suffer great pain, was and is internally and externally injured, will continue to endure great pain and suffering and has sustained and will continue to sustain special damages, all to damage.

57. That as a result of the foregoing, the Defendants acted recklessly and wantonly and without any regard to the safety of Plaintiff.

58. That as a result of the foregoing, the Plaintiff is entitled to punitive damages in addition to all other damages claimed.

59. As a result of the foregoing, the Plaintiff has sustained a greater economic loss greater than the economic loss and/or serious injury as defined in the Insurance Law of the State of New York.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein, in a sum exceeding the jurisdiction limits of all lower courts, which would otherwise have jurisdiction, punitive damages, together with the costs and disbursements of this action.

Dated: New York, New York
       June 7, 2022

                                                         DANIEL J. NIAMEHR, ESQ.

## VERIFICATION

STATE OF NEW YORK       )
                        )SS.:
COUNTY OF NEW YORK      )

The undersigned, an attorney, admitted to practice in the Courts of the State of New York, shows:

That deponent is the attorney of record for Plaintiffs in the within action; that deponent has read the foregoing Summons and Verified Complaint and knows the contents thereof; that the same is not true to deponents own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes that to be true. Deponent further says that the reason this Verification is made by deponent and not by the Plaintiff is that Plaintiff resides/maintains a principal place of business in a county other than that in which deponent maintains his offices.

The grounds for deponent's belief as to all matters not stated upon his knowledge are investigations which he has made or has caused to be made concerning the subject matter of this action, and the statements of parties and/or witnesses herein.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       June 7, 2022

DANIEL J. NIAMEHR, ESQ.